**UNITED STATES of America, Plaintiff,**

v.

**CITIZENS AND SOUTHERN NATIONAL BANK et al., Defendants.**

**Civ. A. No. 15823.**

United States District Court, N. D. Georgia, Atlanta Division.

March 3, 1972.

Donald A. Kinkaid, William E. Swope, Dept. of Justice, Antitrust Division, Atlanta, Ga., for plaintiff.

Alston, Miller & Gaines, Atlanta, Ga., for defendants.

Philip L. Roache, Jr., Washington, D. C., for Citizens and Southern South DeKalb Bank.

## ORDER

MOYE, District Judge.

The commencement of this suit under the antitrust laws resulted in a stay of the effectiveness of the Federal Deposit Insurance Corporation's approval of the proposed bank mergers herein involved. The relevant statute provides: "The commencement of such an [antitrust] action shall stay the effectiveness of the agency's approval [of the merger] *unless the court shall otherwise specifically order.*" 12 U.S.C. § 1828(c) (7) (A). (Emphasis added.) The case is submitted on defendants' motion to dissolve the automatic stay.

The merit of such a motion, of course, depends upon the proper construction of the statutory provisions. In this regard, the case which the Court deems controlling is United States v. First City National Bank of Houston, 386 U.S. 361, 87 S.Ct. 1088, 18 L.Ed.2d

151 (1967), in which Mr. Justice Douglas stated for the Court:

"A stay of course is not mandatory under any and all circumstances. But absent a frivolous complaint by the United States, which we presume will be infrequent, a stay is essential until the judicial remedies have been exhausted. . . . The normal procedure therefore should be maintenance of the *status quo* until the antitrust litigation has run its course, lest consummation take place and the unscrambling process that Congress abhorred *in the case of banks* be necessary."

*Id.* at 370–371, 87 S.Ct. at 1094–1095. In light of the *Houston* case, it is clear to the Court that the stay must not be lifted unless the complaint of the United States is *frivolous*. While the term "frivolous" may be subject to conflicting interpretation, the Court construes the term as requiring at least an exceptionally strong showing by defendants that the government's civil complaint is devoid of merit. On the basis of the complaint, affidavits and briefs filed by both parties,[1] and the hearing conducted on February 11, 1972, the Court finds that defendants have not made the showing necessary for lifting the stay.

A consideration which the Court deems of great importance is that the clear purpose of the stay provision is to eliminate the numerous difficulties which attend the so-called "unscrambling" of consummated bank mergers which are ultimately invalidated. See United States v. First City National Bank of Houston, *supra.* In this regard, the defendants have submitted numerous affidavits, the thrust of which is that, if the stay is lifted, all banks and persons involved will fully cooperate in any unscrambling required by an order of divestiture and will make substantial efforts to support the maintenance of the smaller banks as viable entities. Despite the generosity of defendants' stipulation, however, the Court is of the opinion that the basic problem would remain: While the stay is in effect, the smaller banks would remain as viable, independent institutions. If, however, the stay is lifted, the mergers or acquisitions consummated and divestiture is subsequently ordered, it would become necessary to find or create an operating entity to take over the previously merged or acquired assets, and the Court believes the search for purchasers or investors would be a seriously difficult, and probably protracted, undertaking. While the Court recognizes the strong sense of moral obligation of Citizens and Southern toward the presently independent, so-called "five percent", banks and that the investors in these banks had a natural understanding that they ultimately would become a part of Citizens and Southern, if permitted to do so by law, the Court believes that such considerations are insufficient to override the clear mandate of the stay provisions. In addition, it does not appear to the Court that present operating problems of the smaller banks are of such magnitude that they cannot be overcome or as to warrant fear that the integrity of these banks will be seriously impaired, especially in light of the ingenuity with which such problems have been surmounted in the past.

For the above reasons, defendants' motion to lift the statutory stay is denied.

---

1. By agreement of the parties and approval by the Court, the affidavits as well as some briefs thus far submitted in this case have been declared confidential and filed under seal with the clerk. Accordingly, the Court will not make specific reference to the information contained in those documents. The Court, however, has carefully considered all documents which have been submitted.